IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNA D. SMITH, ) <br> ) <br>    Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DOUGLAS JERMAINE TURNER, and ) <br> SMITH PACKAGE, LLC, ) <br> ) <br>    Defendants. ) <br> _____) <br> ) <br> TIMOTHY R. BROWN, ) <br> ) <br>    Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DOUGLAS JERMAINE TURNER, and ) <br> SMITH PACKAGE, LLC, ) <br> d/b/a SMITH TRANSPORTATION, ) <br> ) <br>    Defendants. ) | Case No. 3:22-cv-2109-JPG <br><br><br><br><br><br> Case No. 3:22-cv-2295-JPG |

**MEMORANDUM AND ORDER**

**I.     Introduction**

This matter comes before the Court on three separate motions. The pending motions are Motion to Consolidate by Defendant Smith Package, LLC ("Smith Package"), a Motion to Stay by Defendant Douglas Jermaine Turner ("Turner"), and a Motion to Amend the Complaint to Add a Willful and Wanton Conduct count by Plaintiff Johnna D. Smith ("Smith"). (Docs. 20, 27, and 29). Smith opposes the Motion to Stay this civil suit (Doc. 30). Turner, citing exceptional circumstances, replied to Smith's response. (Doc. 31). Additionally, Defendants Smith Package and Turner (collectively, "Defendants") oppose Smith's Motion for Leave to File an Amended Complaint (Doc. 32). The Motion to Consolidate has no filed opposition.

1

There is also another case pending in this Court related to this accident that was removed from the Circuit Court of White County. In that case, Plaintiff Timothy R. Brown ("Brown") filed a two-count complaint in negligence against Turner and Smith Package. *Brown v. Turner and Smith Package, LLC* (Case No. 22-cv-02295-JPG). This case was recently transferred to the undersigned. The motion to consolidate requests this Court consolidate *Smith v. Turner and Smith Package* with *Brown v. Turner and Smith Package*.

II.   **Background**

The underlying facts from this complaint arise from an accident with a tractor trailer that occurred on April 14, 2022. (Doc. 1). The civil action was commenced in the Circuit Court of the Second Judicial District in White County, Illinois and was later removed by Smith Package under the basis of diversity of citizenship. *Id*. Smith's state law complaint alleges that Turner, driving a semi-tractor trailer truck in the scope of his employment for Smith Package, struck Smith in her northbound lane of traffic. Turner allegedly caused Smith's vehicle to spin and enter the southbound lane of Illinois Route 1 resulting in a head on crash. (Doc. 1, Ex. 1 at ¶ 3). Smith alleges two counts – both negligence counts against Turner and Smith Package. *Id*. at ¶¶ 1-5.

In *Brown v. Turner and Smith Package*, Case No. 22-2295, also filed in White County, Illinois, Brown alleges on April 14, 2022, Turner caused Brown's vehicle to spin and enter the southbound lane of Illinois Route 1 resulting in a "head on crash" between the car Brown was a passenger in and a third vehicle. *Brown v. Turner and Smith Package,* Case No. 22-2295, Doc. 1, Ex. 1 at ¶ 3. Brown's state law complaint alleges two counts of negligence against Turner and Smith Package. *Id*. at ¶¶ 1-5. This case involves the same accident and suit against the same defendants.

III.   **Analysis**

      **a.  Motion to Consolidate**

Federal Rule of Civil Procedure 42(a) grants federal district courts the authority and discretion to consolidate related actions for greater efficiency. The Rule states: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Courts should consolidate related actions when possible to promote judicial economy, as long as the consolidation does not unduly prejudice any party. *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970); *United States v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945).

Before this case was assigned to this Court, the parties had a scheduling conference with Magistrate Judge Mark A. Beatty whereby the court discussed this motion to consolidate with the parties. (Doc. 26). At that conference, the parties indicated there was no objection to consolidation of the two cases for discovery. *Id*. The Court also notes that there is no filed objection to this objection.

Here, the Court is comfortable finding that both cases involve a "common question of law or fact." Specifically, both cases involve the same defendants, same accident, and same negligence claims. Thus, in the interests of judicial economy and pursuant to Rule 42(a), the Court hereby C**ONSOLIDATES** *Smith v. Turner and Smith Package, LLC* (Case No. 22-2109-JPG) with *Brown v. Turner and Smith Package, LLC* (Case No. 22-cv-02295-JPG).   All future filing shall bear the consolidated caption used in this order and shall be filed only in *Smith v. Turner and Smith Package, LLC*, Case No. 22-2109-JPG.   The Court will strike any filings in Case No. 22-2295-JPG subsequent to this order.

The Clerk of Court is **DIRECTED** to **CONSOLIDATE** these cases and to file a copy of

this Order in both cases.

    **b. Motion to Stay**

In Turner's motion to stay, Turner asserts that there is a pending criminal charge for Improper Lane Usage and Logbook Violation, Aggravated DUI in violation of 625 ILCS 5/11-501, captioned 2022-CF-173 (felony) and DUI / Possession of a Dangerous Substance in violation of 625 ILCS 5/11-501, captioned 2022-CF-14 (class A misdemeanor), in White County, Illinois. Turner asserts that the pending criminal charges arise out of the same events that constitute Smith's civil lawsuit and, therefore, his Fifth Amendment privilege is potentially threatened by defending the civil action. Smith opposes such a stay indicating that the stay of "all" discovery is overbroad and asks this Court to take a nuanced approach when determining whether to issue a stay. (Doc. 30 at 2).

A court has the inherent power to manage its docket "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55, 57 S.Ct. 163, 81 L.Ed. 153 (1936). Exercising this power requires balancing the competing interests of plaintiffs, defendants, and the public. *Id.*; *Hare v. Custable*, 2008 WL 1995062, at *2 (N.D.Ill. 2008). Although stays in light of parallel criminal proceedings are not of constitutional magnitude (*United States v. All Meat and Poultry Prods. Stored at Lagrou Cold Storage*, 2006 WL 27119, at *1 (N.D. Ill. Jan.4, 2006)), courts nonetheless retain discretion to issue stays in those circumstances. A court may stay a civil proceeding pending resolution of criminal proceedings "when the interests of justice" require it. *See United States v. Kordel*, 397 U.S. 1, 12 n. 27, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970).

To determine whether a stay will issue, the Court considers the following non-exhaustive factors: (1) whether the civil and criminal proceedings involve the same subject matter; (2)

whether the government has initiated both proceedings; (3) the posture of the criminal proceeding; (4) the effect on the public interest of granting or denying a stay; (5) the interest of Plaintiffs in proceeding expeditiously, and the potential prejudice that Plaintiffs may suffer from a delay; and (6) the burden that any particular aspect of the civil case may impose on Defendants if a stay is denied. *Hare*, 2008 WL 1995062 at *2 (citing *Cruz v. County of DuPage*, 1997 WL 370194, at *2 (N.D.Ill.1997)). The Court examines each factor in turn.

The first factor weighs in favor of a stay. Specifically, both the civil and criminal proceedings both involve the same subject matter. Turner was charged with the citation for improper lane usage and logbook violation on April 14, 2022, and subsequently charged with the Aggravated DUI and Possession of a Dangerous Substance on October 11, 2022. All charges arose from the accident that occurred on April 14, 2022. Here, the government did not initiate both proceedings, therefore the second factor weighs against a stay.

Regarding the posture of the criminal proceeding, Turner notes that trial on the criminal charges is set for February 9, 2023. Turner notes in a reply that whenever an indictment is returns against a defendant, it is the "prototypical case" where a case should be entered. (Doc. 31 at 3). Turner argues that Smith cites to cases that are factually different where an indictment has not been filed. The Court agrees that the fact an indictment has been filed and this case is set for a tentative trial date in February of this year weighs strongly in favor of a stay. *Tostado v. Jackson*, No. 10-cv-1162, 2011 WL 2116396, at *3 (E.D. Wis. May 25, 2011) ("The fact that the criminal case is nearing its conclusion—with a trial date set for mid-July 2011—is also significant because it means any delay in the civil proceeding would be minimal, excepting a further delay in the criminal case."); *Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980). Therefore, the third factor weighs towards issuing a stay.

Additionally, the fifth factor regarding a potential prejudice to Smith is minimal.

The Court also considers the effect on the public interest. Here, Turner argues that there is an interest in interference that could potentially arise if civil discovery, sworn testimony, and other type of evidence could be elicited while criminal charges are pending. This factor weighs in favor of a stay.

If a stay is denied, Turner argues that he would be at a disadvantage because documents and testimony that Plaintiffs are likely to seek in discovery are "indivisibly intertwined with [the] criminal case that Turner will likely be forced to repeatedly invoke his Fifth Amendment rights." (Doc. 31 at 4). Smith argues that certain documents such as police reports, witness statements, photographs, videos, etc., cannot be said to be testimonial evidence against Turner, therefore not requiring a privilege under the Fifth Amendment. Turner argues that such an approach allowing some discovery and not others is too complex and likely would "spawn a multitude of discovery disputes that will require the Court to make repeated determinations" regarding whether the documents or other evidence is protected by the Fifth Amendment privilege. The Court agrees with Turner. It is in the interests of judicial economy, and to avoid the prejudice to Turner in simultaneously defending the inextricably linked civil and criminal cases.

Finding that weighing the relevant factors weighs in favor of a stay, the Court GRANTS Motion to Stay (Doc. 27). The Court also orders Defendants to file a status report on February 20, 2023, to update the Court on the status of the criminal case against Turner.

Additionally, in light of the cases that this Court has consolidated, in the interests of judicial economy and common sense, the Court will stay the consolidated cases at this time.

    c. **Motion to Amend Complaint**

After the opportunity to amend the pleadings as a matter of course has passed, a party

may amend a complaint only with the consent of the opposing party or leave of the court. Fed. R. Civ. P. 15(a).  Generally, motions to amend pleadings are treated favorably under Rule 15's liberal amendment policy. *See id*. Leave to amend should be "freely given," absent considerations such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

An amendment is futile if the amended pleading would not survive a motion to dismiss. *McCoy v. Iberdrola Renewables, Inc*., 760 F.3d 674, 685 (7th Cir. 2014). To survive a motion to dismiss, the amended complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id*. at 685 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Before denying a motion to amend, however, it should be "clear" that the proposed amended complaint "is deficient" and would not survive such a motion. *Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008); *see Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind*., 786 F.3d 510, 519-20 (7th Cir. 2015) ("Unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend.") (quoting *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)).

Smith requests the Court allow her to amend her complaint to add a willful and wanton conduct claim against Turner. Specifically, Smith argues that Turner's motion to stay the civil proceedings due to the pending Illinois State law criminal charges consisting primarily of Aggravated DUE arising from this same collision on April 14, 2022, justifies adding this count. Smith also argues that adding willful and wanton conduct conforms to the discovery of Turner's

criminal charge. Turner responds and argues that Smith's allegations "do not rise to the level of wantonness that is required for punitive damages to be appropriate." (Doc. 32 at 5). Specifically, Defendants argue the proposed amendment "contain[s] only vague, unsupported, and insufficient allegations that would bear on the issue of whether there is a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages against Defendants." *Id*. at 1-2.

First, Defendants incorrectly state the standard of proof for this motion. At this stage, the Court accepts all allegations as true and determines whether Smith states a claim sufficient to pass a motion to dismiss. Defendants argue that the complaint must "establish a reasonable likelihood of proving facts at trial to support an award of punitive damages beyond inadmissible evidence of a criminal charge." (Doc. 32 at 2). The Court does not look to Smith's complaint to ensure it can support a punitive damage award at trial; the law does not require that of a Smith during the liberal pleading stage. *Campbell v. Valtrans Express, Inc*., No. 22-cv-00293-JRS-DLP, 2021 WL 3772014, at *2 (S.D. Ind. Aug. 25, 2021) (finding defendants used the incorrect "clear and convincing" standard during a motion to amend stage, such a standard is used for trial purposes and not beforehand, and all plaintiff must do is satisfy the notice pleading standard).

As stated above, the Court takes all allegations in the proposed complaint as true and determine whether Smith's complaint states a claim on its face. Under Illinois law, a plaintiff pleading willful and wanton misconduct must establish the same basic elements of a negligence claim, which are the existence of a duty, breach of that duty, and an injury proximately resulting from the breach. *Krywin v. Chi. Transit Auth*., 391 Ill.App.3d 663, 330 Ill.Dec. 865, 909 N.E.2d 887, 890 (2009). A willful and wanton claim has the additional requirement that the breach be not merely negligent, but with "either a deliberate intention to harm or an utter indifference to or conscious disregard for the welfare of the plaintiff." *Kirwan v. Lincolnshire–Riverwoods Fire*

8

*Protection Dist.*, 349 Ill.App.3d 150, 285 Ill.Dec. 380, 811 N.E.2d 1259, 1263 (2004) (quoting *Adkins v. Sarah Bush Lincoln Health Ctr.*, 129 Ill.2d 497, 136 Ill.Dec. 47, 544 N.E.2d 733, 743 (1989)).

Under Illinois law, the tort of willful and wanton conduct is viewed as an aggravated form of negligence, rather than as a separate and independent tort. *Brooks v. McLean Cty. Unit Dist. No. 5*, 8 N.E.3d 1203, 1208 (Ill. App. Ct. 2014). Therefore, while Plaintiff proposes an additional and separate count (Count III) against Turner alleging willful and wanton conduct, in Illinois it is simply regarded as an aggravated form of negligence. *Guerrero v. Piotrowski*, 67 F. Supp. 3d 963, 968 (N.D. Ill. 2014) ("Although Plaintiffs' state court complaint sets forth two counts, one for 'negligence' (Count I) and another for 'willful and wanton conduct' (Count II), they both constitute one single claim for negligence as a matter of law.").

The Court finds Smith's complaint adequately alleges that Smith's amendment against Turner should be allowed. Smith adequately alleges the claims of negligence and that there was either a deliberate intention to harm or a conscious disregard for Plaintiff's welfare. Specifically, Smith alleges that Turner driving the tractor trailer under the influence of drugs to a degree that rendered him incapable of driving resulted in a collision causing harm and permanent disability. (Doc. 23 at ¶ 4(d)). *Simpkins v. Plunkett*, No. 18-cv-2195, 2019 WL 13210560, at *3 (C.D. Ill. Jan. 28, 2019) ("Plunkett, driving under the influence of alcohol and/or drugs, forcefully rear-ended Plaintiff's vehicle with the tractor-trailer he was operating for LTI, causing injury to Plaintiff. Taken together, these allegations sufficiently plead a conscious disregard for Plaintiff's welfare."); s*ee also Williams v. Wisc. Lock & Load Prisoner Transports, LLC*, 2016 WL 4124292, at *3-4 (N.D. Ill. Aug. 3, 2016) (allegations that a defendant failed to properly use safety restraints, drove too fast for conditions, improperly used a cell phone while driving, and

9

failed to maintain a safe distance from a leading car during inclement weather were sufficient to state a claim for willful and wanton conduct, not just negligence).

Additionally, in opposition to the request for the amendment, Turner argues that Smith is wrongfully relying on hearsay evidence to support a claim for punitive damages, whereby a criminal charge is not admissible as proof that the DUI conduct occurred. *Id*. at 4. At the pleading stage, admissibility is not the correct issue before this Court. Hearsay are statements that can be deemed admissible or inadmissible into evidence. Smith is not proffering its complaint as evidence; the complaint are factual allegations that must state a claim for relief and provide notice to a defendant of the claims at issue. Additionally, Turner provides no authority to support its argument that we cannot consider hearsay at this pleading stage. *Marquez v. Riveredge Hosp*., Inc., No. 21-cv-3369, 2022 WL 832650, at *7 (N.D. Ill. Mar. 21, 2022) (; *Lewis v. City of Chicago*, 235 F. Supp. 3d 1029, 1031 (N.D. Ill. 2016) (rejecting the argument that hearsay could not be considered as part of a Rule 12(b)(6) motion); *Widmar v. Sun Chem. Corp*., No. 11 C 1818, 2012 WL 1378657, at *7 (N.D. Ill. Apr. 19, 2012) (rejecting the argument that plaintiff could not rely on hearsay in a defamation complaint); *In re Palermo*, No. 08 CV 7421 (RPP), 2011 WL 446209, at *5 (S.D.N.Y. Feb. 7, 2011) ("[B]ecause the Court must accept as true all factual statements alleged in the complaint for the purposes of a motion to dismiss, whether the statements ... might constitute inadmissible hearsay when relied upon for the truth of the matters asserted is simply irrelevant.") (internal quotation marks and citations omitted).

Because Turner has not met its burden to show that the amendment is futile, and not provided this Court any other reason to show why the Court should not allow the amendment at this liberal pleading stage, the Court will grant Smith's Motion to Amend.

### IV. Conclusion

The Court hereby:

- **GRANTS** the Motion to Consolidate (Doc. 20) in Case No. 22-cv-2109-JPG);

- **CONSOLIDATES** *Smith v. Turner and Smith Package, LLC* (Case No. 22-2109-JPG) with *Brown v. Turner and Smith Package, LLC* (Case No. 22-cv-02295-JPG). All future filing shall bear the consolidated caption used in this order and shall be filed only in *Smith v. Turner and Smith Package, LLC,* Case No. 22-2109-JPG;

- **DIRECTS** the Clerk of the Court to **CONSOLIDATE** these cases and to file a copy of this Order in both cases;

- **GRANTS** the Motion to Stay (Doc. 27) and **STAYS** the consolidated cases ((*Smith v. Turner and Smith Package, LLC* (Case No. 22-2109-JPG) with *Brown v. Turner and Smith Package, LLC* (Case No. 22-cv-02295-JPG));

- **ORDERS** the parties to file a status report on February 20, 2023 regarding Turner's pending criminal matter in White County, Illinois;

- **GRANTS** Smith's Motion to Amend Complaint to Add Willful and Wanton Conduct (Doc. 29); and

- **ORDERS** Smith to File their amended complaint within 7 days entry of this Order.

**IT IS SO ORDERED.**
**DATED: January 10, 2023**

                                            /s J. Phil Gilbert
                                            J. PHIL GILBERT
                                            UNITED STATES DISTRICT JUDGE